UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHARON RENA SHEPARD, | § | |
| | § | |
| *Plaintiff/Appellant*, | § | |
| | § | |
| v. | § | Civil Action No. 3:24-cv-2649-x |
| | § | |
| Unknown, | § | |
| | § | |
| *Appellee*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Appellant Sharon Rena Shepard's appeal from the Bankruptcy Court's denial of her application to file for bankruptcy without paying the filing fee. (Doc. 1.) After due consideration, the Court **AFFIRMS** the Bankruptcy Court's Order.

Shepard filed Chapter 7 bankruptcy in October 2024. At the same time, she applied to have her filing fee waived and to proceed *in forma pauperis*. On her application, she disclosed her current bank account balances, which were either negative or less than $40. That said, the application also indicated that she jointly holds with her husband assets amounting to $45,000 and receives $900 per month in Social Security benefits. The Bankruptcy Court subsequently denied her waiver application and set a payment schedule for the filing fee. Shepard appealed.

District courts review a Bankruptcy Court's decision to deny a fee waiver application under an abuse of discretion standard of review.[1] "An abuse of discretion occurs where the bankruptcy court (1) applies an improper legal standard or follows improper procedures in calculating the fee award, or (2) rests its decision on findings of fact that are clearly erroneous."[2]

From what the Court can discern, Shepard argues the Bankruptcy Court's decision is clearly erroneous based on her current income.

28 U.S.C. § 1930(f)(1) states that a "bankruptcy court may waive the filing fee in a case" if "the court determines that such individual has income less than 150 percent of the income official poverty line" and "is unable to pay that fee in installments." The current federal poverty line for a family of two is $21,150.[3] While the Bankruptcy Court did not provide explanation for its denial of the waiver, it is apparent from the record that Shepard receives $900 a month from Social Security and assets valued at double the federal poverty line, not counting that income. Although she has limited resources as she goes through her divorce, it is not clearly erroneous to conclude that Shepard can pay the fee—especially in the installments the Bankruptcy Court imposed. So the Court concludes that the Bankruptcy Court's opinion was not clearly erroneous.

---

[1] *See Cahill v. Walker & Patterson, P.C.*, 428 F.3d 536, 539 (5th Cir. 2005).

[2] *Id.*

[3] Dep't of Health & Human Servs., 2025 Poverty Guidelines: 48 Contiguous States, *at* https://aspe.hhs.gov/sites/default/files/documents/dd73d4f00d8a819d10b2fdb70d254f7b/detailed-guidelines-2025.pdf. For the sake of argument, the Court is not counting Shepard's spouse's income into this calculation. If the divorce were completed, the federal poverty line for a household of one would be $15,650. *Id.*

Accordingly, the Court **AFFIRMS** the Bankruptcy Court's order.

**IT IS SO ORDERED** this 20th day of November, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE